**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **TERESA ZIGLAR** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.** |
| | * | |
| **WALMART INC.** | * | **JUDGE** |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| | * | |

* *  * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>**NOTICE OF REMOVAL**</u>

Defendant, Walmart Inc., (hereinafter "Walmart") file this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby remove this matter from the 21ST Judicial District Court for the Parish of Tangipahoa, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1.  On August 5, 2022,  Teresa Ziglar, filed this lawsuit against Walmart Inc. in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, bearing Case No. 2022-0002314, Division "D", and entitled "*Teresa Ziglar v. Walmart Inc.".*  (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A").   Walmart was served with this petition on August 9, 2022.

2.  The suit seeks damages from Walmart for personal injuries and damages allegedly sustained by the plaintiff as a result of an incident which occurred at the Walmart Store located at on Thomas Street, in Hammond, Louisiana on August 13, 2021.

## II.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

4.     28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

### A.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

5.     The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

6.     In Paragraph 5 of plaintiff's Petition for Damages, plaintiff alleged that she "…sustained severe injuries to her right shoulder, including but not limited to an acute non-displaced fracture of the right greater tuberosity, as well as a torn rotator cuff. She was transported from the scene by ambulance and later underwent multiple surgeries." Walmart has been advised that the plaintiff has incurred in excess of $38,000.00 in medical expenses up to the time of her first surgery.

7.     While Walmart denies liability, based upon the allegations in plaintiff's Petition, including plaintiff's claim for lost wages and loss of earning capacity, the claim has a value

exceeding SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

8.     Walmart has satisfied the procedural requirements for removal. This Notice of Removal is being filed within thirty (30) days after service on Walmart of Plaintiff's Petition for Damages.

**B.     COMPLETE DIVERSITY**

9.     Walmart Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas, and is a publicly held company.

10.     Upon information and belief, Plaintiff is a resident of and domiciled in the Parish of Tangipahoa, State of Louisiana.

11.     Accordingly, there is complete diversity of citizenship between the Plaintiff and the Defendant.

12.     This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by information furnished to Walmart by plaintiff, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

**II.     WALMART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

13.     This Notice of Removal is being filed within thirty (30) days after receipt by Walmart of Plaintiff's Petition for Damages, which was the first time Defendant could have ascertained that this case is removable under 28 U.S.C. § 1446(b).

14.     Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. §

1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

15.     The 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a).  Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

16.     No previous application has been made by Walmart in this case for the relief requested herein.

17.     Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit A.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, Alvin Fleming, and a copy is being filed with the Clerk of Court for the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

18.     Attached hereto are the following additional documents which complete the documents contained in the state court record:

a.     Petition for Damages. (Exhibit "A").

19.     Petitioner, Walmart, desires and is entitled to **trial by jury** of all issues herein.

**WHEREFORE**, Defendant, Walmart Inc., hereby removes this action from the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted:

/s/Sidney J. Hardy

SIDNEY J. HARDY (#1938)
ISIDRO RENE DEROJAS (#18182)
CHRISTOPHER JAMES-LOMAX (#37174)
P. SINNOTT MARTIN (#37218)
McCRANIE, SISTRUNK, ANZELMO,
  HARDY, McDANIEL & WELCH, LLC
909 Poydras Street, Suite 1000
New Orleans, Louisiana  70112
Telephone:  (504) 831-0946
Facsimile: (800) 977-8810
E: sjh@mcsalaw.com
E: ird@mcsalaw.com
E: cjl@mcsalaw.com
E: psm@mcsalaw.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system this 12th day of August, 2022.

/s/Sidney J. Hardy

SIDNEY J. HARDY