Tangipahoa Parish Clerk of Court
Filed Aug 05, 2022 1:40 PM
Iesha Brumfield
Deputy Clerk of Court
E-File Received Aug 05, 2022 1:24 PM

Case 2:22-cv-02644-CWR-DM  Document 1-1   Filed 08/12/22   Page 1 of 5

### 21st JUDICIAL DISTRICT COURT FOR THE PARISH OF TANGIPAHOA

### STATE OF LOUISIANA

NO. 2022-0002314                                         DIVISION: "D"

### TERESA ZIGLAR

### VERSUS

### WALMART INC.

FILED: _____    _____
                                                                    **DEPUTY CLERK**

### PETITION FOR DAMAGES

The Petition of **TERESA ZIGLAR** (hereinafter referred to as "**PETITIONER**" and/or "**ZIGLAR**"), a person of the full age and majority and resident of and domiciled in the Parish of Tangipahoa, State of Louisiana, respectfully represents the following, to-wit:

1.

Made defendant herein is:

a. **WALMART INC**, (hereinafter referred to as "**WALMART**" and/or "**DEFENDANT**"), a Foreign Corporation, doing business in the State of Louisiana, with its principal business establishment in Louisiana located at 3867 Plaza Tower Drive, Baton Rouge, Louisiana; with its principal business office in Wilmington, Delaware; and at all times herein was the owner, operator, manager, and/or custodian of the Walmart Supercenter #489, located at 2799 W. Thomas Street, Hammond, in Tangipahoa Parish, Louisiana.

2.

The **DEFENDANT** is indebted to the **PETITIONER**, jointly and *in solido,* in an amount that is reasonable in the premise, together with legal interest thereon from the date of judicial demand until paid and for all costs of these proceedings, for the following reasons:

3.

On or about August 13, 2021 **PETITIONER, TERESA ZIGLAR**, was a patron shopping for groceries in the **WALMART** store located at 2799 W. Thomas Street, Hammond, Louisiana, in the Parish of Tangipahoa.

4.

As **PETITIONER** shopped in the produce section, she picked up some bananas to place in her cart when a tortilla display in the area attracted her attention. As **PETITIONER** walked near the tortilla display, her right foot suddenly and without warning slipped on a cherry tomato,

EXHIBIT "A"

causing her to fall and injure her shoulder. There were no warning signs or devices displayed on the floor or the door of the prem**ises** warning of this condition, until another shopper located a warning sign and placed it near the hazard**.**

5.

In the ensuing fall, **PETITIONER** heard a "pop" sound from her body, and she landed with such force that she sustained severe injuries to her right shoulder, including but not limited to an acute non-displaced fracture of the right greater tuberosity, as well as a torn rotator cuff. She was transported from the scene by ambulance and later underwent multiple surgeries.

6.

As a result of this accident, **TERESA ZIGLAR** sustained physical injuries for which she received medical treatment, sustained permanent scarring and experienced pain and suffering. In addition to her physical injuries, **TERESA ZIGLAR** has incurred medical expenses and sustained mental anguish, disability, and a diminishment in her capacity to enjoy life as a result of the accident.

7.

**PETITIONER** avers that the proximate cause of her injuries was the negligence of the **DEFENDANT, WALMART INC.**, and its agents, representatives and employees in the following regards:

(a) Failing to provide a safe shopping area;

(b) Failing to supervise and/or inspect its premises;

(c) Failing to adequately train employees;

(d) Failing to follow safety policies and procedures;

(e) Failing to have and/or follow written policies regarding the safe display and/or handling of merchandise;

(f) Failing to provide a safe walkway when defendants knew its patrons, such as **PETITIONER**, would be traversing;

(g) Failure to perform periodic inspections to prevent the risk of harm sued upon;

(h) Underestimating the gravity of its duty to protect the public from unreasonable harm;

(i) Unreasonably assessing the risk of harm as lower than the cost of its remedy;

(j) Creating and/or maintaining an unreasonable risk of harm;

(k) Failure to remove or repair the defective condition;

(l) Having an unreasonable risk of harm within its care, custody, and control, that was the cause-in-fact of injuries to **PETITIONER**;

(m) Failure to exercise reasonable care;

(n) Failure to prevent injuries that could have been avoided by its exercise of reasonable care;

(o) Failure to supervise its employees;

(p) Negligently stacking or displaying merchandise in such a manner as to allow produce to fall to the floor, when the **DEFENDANT** knows that customers will handle the produce and increase the likelihood of produce falling to the floor; and

(q) Any and all other acts of negligence and strict liability which may be proven at a trial on the merits.

8.

**PETITIONER** avers that the **DEFENDANT, WALMART INC.**, at all times mentioned herein had the care, control and custody of the produce section of its store and knew, or should have known, of the dangers it presented to persons such as **PETITIONER**, and is therefore strictly liable to petitioner for her injuries.

9.

**WALMART** owed Plaintiff a duty to exercise reasonable care to keep the area where Plaintiff slipped and fell in a reasonably safe condition. Further, **WALMART** was required by law to make a reasonable effort to keep the floor free of hazardous conditions, such as the subject tomato, which might reasonably give rise to injury. The subject tomato which proximately caused Plaintiff's fall and injuries presented an unreasonable risk of harm which was reasonably foreseeable. **WALMART** either created, or had actual or constructive notice of the spilled produce prior to the accident, and failed to exercise reasonable care, which resulted in a breach of **WALMART'S** duties to Plaintiff and proximately caused Plaintiff's injuries.

10.

**PETITIONER** avers that the **DEFENDANT, WALMART, INC.**, is liable for the negligent actions of its employees under the doctrine of respondeat superior and Louisiana Civil Code Art. 2320.

11.

**PETITIONER** alleges that her injuries and the trauma described in this Petition for Damages caused severe, painful, debilitating, and permanently disabling injuries, and she has experienced severe physical pain and suffering through the date of filing suit, as well as undergone keen mental anguish.  She will continue to suffer, both physically and mentally as a result of these injuries for the remainder of her life, all as will be more fully set forth hereinafter and proven upon the trial of this matter.

12.

**PETITIONER, TERESA ZIGLAR**, itemizes her damages as follows:

a. Past, present, and future pain and suffering;

b. Past, present, and future mental anguish;

c. Past, present, and future medical expenses;

d. Past, present, and future loss of enjoyment of life;

e. Past, present, and future lost wages;

f. Loss of earning capacity;  and

g. Other damages itemized at the trial of this matter

13.

**PETITIONER** has made amicable demand to no avail.

14.

**PETITIONER** seeks all further damages and relief that is equitable under the circumstances.

15.

On information and belief, the value of this cause of action, exclusive of interest, costs, penalties and attorneys' fees, exceeds $50,000.00.

16.

**WHEREFORE, PETITIONER, TERESA ZIGLAR**, prays the Defendant be duly cited and served with this petition and be ordered to answer same, and after due proceedings are had herewith, there be a judgment in her favor and against **DEFENDANT, WALMART INC.**, in an amount to be determined by this Honorable Court together with interest thereon from the date of

judicial demand and for all costs of these proceedings; and for any and all other relief, general and equitable.

          Respectfully Submitted,

          **ROSS F. LAGARDE, APLC**

          */s/ Ross F. Lagarde*

          **ROSS F. LAGARDE (#27542)**
          **JEFFREY G. LAGARDE (#31823)**
          **ALEXANDER L.H. REED (#37273)**
          2250 Gause Blvd. East, Suite 301
          Slidell, Louisiana 70461
          Telephone:  (985) 605-0527
          Facsimile:  (985) 605-0526
          Email:  ross@rlagardelaw.com
                      jeff@rlagardelaw.com
                      alex@rlagardelaw.com

**PLEASE SERVE:**

**WALMART INC.**
Through its agent for service of process:
CT CORPORATION SYSTEM
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816